101 F.3d 107
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Juan ROSADO, aka Apache; Reynaldo Santos, aka Juice; Juan
Viruet, aka Phil, aka Seaweb, aka Fil; Raymond Crespo, aka
Tony; Josue Barreto, aka Josh; Luis Andino, aka GQ, aka
Lou; Jamie Renae Torado, aka Rene, aka Van Dam; Gilbert-O
Torres; Jose Polanco; Alfredo San Miguel, aka Miguel, Defendants,
Ignacio MORALES, aka Flaco, Melvin "Heavy" Brown, aka Heavy;
Michael Arroyo, Defendants-Appellants.
 Nos. 94-1539, 95-1120, 95-1174.
 United States Court of Appeals, Second Circuit.
 March 4, 1996.
 
 Appearing for Appellants: David Samel, New York, New York for Defendant-Appellant Melvin "Heavy" Brown.*
 James Roth, New York, New York for Defendant-Appellant Michael Arroyo.
 Philip R. Edelbaum, New York, New York, for Defendant-Appellant Ignacio Morales.
 Appearing for Appellee: Mark P. Goodman, Assistant United States Attorney for the Southern District of New York, New York, New York.
 S.D.N.Y.
 AFFIRMED.
 Before DANIEL MAHONEY, JOHN M. WALKER, JR., and GUIDO CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgments of the District Court be and they hereby are AFFIRMED.
 
 
 3
 1. Defendants-appellants Ignacio Morales and Michael Arroyo appeal from judgments entered September 26, 1994 and March 28, 1995, respectively, in the United States District Court for the Southern District of New York following a jury trial that convicted them of conspiracy to distribute heroin and to possess heroin with intent to distribute it in violation of 21 U.S.C. § 846, and convicted Arroyo of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 812 and 841(a)(1) and (b)(1)(B).
 
 
 4
 2. Both Morales and Arroyo argue that because the jury pool from which their petit jury was selected did not include a representative number of Hispanics, they were deprived of their Sixth Amendment right to a trial by a jury of their peers. The trial record amply establishes, however, that the jury pool was properly "drawn from a source representing a 'fair cross section' of the community in which the defendant[s] [were] tried," United States v. Jackman, 46 F.3d 1240, 1244 (2d Cir.1995) (quoting Taylor v. Louisiana, 419 U.S. 522, 536 (1975)), and that any underrepresentation of Hispanics on the defendants' petit jury was not "the result of systematic exclusion of [Hispanics] in the jury selection process," id. at 1246. Accordingly, Morales and Arroyo have failed to establish a prima facie violation of the Sixth Amendment. Id. at 1245-46.
 
 
 5
 3. Morales and Arroyo also contend that the evidence at trial failed to establish the single conspiracy for which they were indicted and convicted, and instead demonstrated the existence of multiple conspiracies. They claim that this variance between the proof at trial and the allegations made in the indictment prejudiced the outcome of their trial. See United States v. Johansen, 56 F.3d 347, 351 (2d Cir.1995). Defendants-appellants' contention implicates a two-part analysis. We must first determine whether the government sufficiently proved the single conspiracy alleged in the indictment, or instead has proved several independent conspiracies; if the evidence fails to support a finding of a single conspiracy, we must then assess whether the defendants were prejudiced by the variance. Id. at 350. We conclude that the government presented sufficient evidence at trial for the jury to conclude that Morales and Arroyo, although competitors within Adames' heroin distribution organization, acted as members of a single conspiracy. See United States v. Heinemann, 801 F.2d 86, 92 (2d Cir.1986) (finding that "[t]he evidence reflected a single criminal enterprise that operated in much the same way as any wholesale distributor of a particular product," notwithstanding fact that "disputes might arise" between sellers within that enterprise), cert. denied, 479 U.S. 1094 (1987). In any event, Morales and Arroyo did not suffer any prejudice from this alleged variance. See Johansen, 56 F.3d at 351.
 
 
 6
 4. Arroyo challenges his sentence on several grounds. We find no error in the district court's sentencing determinations regarding: (1) the quantity of heroin attributed to Arroyo, see United States v. Schaper, 903 F.2d 891, 898 (2d Cir.1990) ("[T]he base offense level is to be calculated after taking into account the entire quantity involved in the defendant's demonstrated narcotics activity rather than a smaller amount for which the defendant has been charged and convicted.") (collecting cases); (2) the four-level enhancement of Arroyo's sentence for his leadership role in the conspiracy, see United States v. Espinal, 981 F.2d 664, 668 (2d Cir.1992); (3) the two-level enhancement for Arroyo's possession of a firearm, see USSG § 2D1.1, comment. (n.3) (stating that "adjustment should be applied ... unless it is clearly improbable that the weapon was connected with the offense"); and (4) the decision not to address Arroyo's request for a downward departure due to an alleged heroin addiction, see USSG § 5H1.4 ("Drug or alcohol dependence or abuse is not a reason for imposing a sentence below the guidelines."). Accordingly, we affirm Arroyo's sentence substantially for the reasons stated by the district court. See United States v. Arroyo, S 93 Cr. 291(AGS) (S.D.N.Y. March 22, 1995) (sentencing hearing).
 
 
 
 *
 Brown's appeal has been decided by separate orders pursuant to Anders v. California, 386 U.S. 738 (1967)